# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAKE CHARLES DIVISION

| | |
|---|---|
| LISA BRUNE | CASE NO. 2:22-CV-06082 |
| VERSUS | JUDGE JAMES D. CAIN, JR. |
| PETCO ANIMAL SUPPLIES INC | MAGISTRATE JUDGE LEBLANC |

## MEMORANDUM RULING

Before the Court is "Defendant's Motion for Summary Judgment" (Doc. 32), wherein Petco Health and Wellness Company, LLC ("Petco") moves to dismiss Plaintiff, Lisa Brune's lawsuit pursuant to Rule 56 of the Federal Rules of Civil Procedure.

## FACTUAL STATEMENT

On July 2, 2022, Plaintiff visited the Petco store. Plaintiff observed a bucket that was positioned on top of a dolly when she entered the aquatics section of the store.[1] She also observed a Petco employee, Luke Harmon, in the aquatics department.[2] Harmon was filling the bucket with saltwater in order to change the water in the marine fishtanks.[3] After completing his task, Plaintiff asked Harmon to assist him with buying a fish.[4] Harmon engaged in conversation with Plaintiff and suggested a certain fish in a different area of the store.[5]

---

[1] Defendant's exhibit A, Lisa Brune deposition, p. 60:7-12.
[2] *Id.* p. 38:14-23.
[3] Defendant's exhibit B, Luke Harmon deposition, p. 22:3-7.
[4] Defendant's exhibit A, Brune depo. p. 41:15-22.
[5] Defendant's exhibit A, Brune depo. p. 37:16-18; Plaintiff's exhibit A, pp. 37:16-34, 43:4-13, 44:10-13.

After the conversation, Plaintiff took a few steps and tripped over the dolly that supported the large bucket. Plaintiff believes the dolly was sticking out into the aisle.[6]

## SUMMARY JUDGMENT STANDARD

A court should grant a motion for summary judgment when the movant shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56. The party moving for summary judgment is initially responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). The court must deny the motion for summary judgment if the movant fails to meet this burden. *Id.*

If the movant makes this showing, however, the burden then shifts to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (quotations omitted). This requires more than mere allegations or denials of the adverse party's pleadings. Instead, the nonmovant must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted).

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S.

---

[6] Plaintiff's exhibit A, pp. 64:22-65:2.

133, 150 (2000). The court is also required to view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

## **LAW AND ANALYSIS**

Petco moves to dismiss this lawsuit based on Plaintiff's deposition testimony and her alleged obliviousness of her surroundings while visiting the store.

To prove liability against Petco as a merchant, plaintiff, who is alleging a trip and fall injury sustained on such merchant's premises, has the burden of proving those elements set forth in La. Revised Statute 9:2880.6. Section B thereof provides that:

> B. In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following:
>
> (1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.
>
> (2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.
>
> (3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.

A plaintiff must prove each of the above three elements. Failure to prove any element will defeat a plaintiff's claim. *White v. Walmart Stores, Inc.*, 699 So.2d 1081 (La. 9/9/97).

*Unreasonably dangerous*

In determining whether a condition is unreasonably dangerous, Louisiana courts are to apply the risk/utility balancing test, which considers the following factors: (1) the utility of the complained-of condition; (2) the likelihood and magnitude of harm, including the obviousness and apparentness of the condition; (3) the cost of preventing the harm; and (4) the nature of the plaintiff's activities in terms of social utility or whether the activities were dangerous by nature. *Farrell v. Circle K Stores, Inc.*, 359 So.3d 467 (La. 3/17/2023).

If the application of the risk/utility balancing test results in a determination that the complained of hazard is not an unreasonably dangerous condition, a defendant is not liable because there was no duty breached. *Farrell,* 359 So.3d at 478. Further, summary judgment on the issue of an unreasonably dangerous condition is warranted where no reasonable person could find a breach of duty. Where a plaintiff fails to establish that he or she will be able to establish the breach element at trial, summary judgment in favor of the defendant is mandated. *Id*.

Whether a condition was open and obvious falls within the second factor of the risk/utility balancing test, which addresses the likelihood and magnitude of harm. *Farrell* 359 So.3d at 479-480. "For a hazard to be considered open and obvious, it must be one that is open and obvious to all who may encounter it. The open and obvious concept asks whether the complained of condition would be apparent to any reasonable person who

Page 4 of 7

might encounter it. If so, that reasonable person would avoid it, and the factor will weigh in favor of finding the condition not unreasonably dangerous." *Farrell*, 359 So.3d at 478.

Defendants suggests that at her deposition, Plaintiff appeared to have a bad memory regarding the incident, which caused her trip and fall. For example, Plaintiff testified that she was not recall the size of the 30-gallon barrel she tripped on, stating that it was black; she could not recall the color of the dolly that was below the bucket, or how long she knew her good friends who transported her to the hospital after her fall. She could not recall how long she was on the floor—10 minutes or 8 hours.[7] Defendant argues that Plaintiff cannot prove the essential elements of her claim under Louisiana Revised Statute § 9:2800.6.

To create a genuine issue of material fact, Plaintiff submits summary judgment evidence including Plaintiff's deposition,[8] Petco's corporate deposition,[9] Petco's responses to Plaintiff's First Set of Interrogatories and Requests for Production,[10] Petco employee, Luke Harmon's deposition,[11] and the Affidavit of Jason T. English, M.S., SCP, P.E.[12]

Harmon witnessed Plaintiff fall and testified that after taking a couple of steps backwards, Plaintiff turned and tripped over the dolly that carried the red water bucket, and that she fell on her hands and knees.[13] Harmon had placed the dolly and bucket in the isle, and part of it was sticking out into the aisle.[14] Here, there is no doubt that the merchant created the condition that caused Plaintiff's harm.

---

[7] Defendant's exhibit A, Lisa Brune deposition.
[8] Plaintiff's exhibit A.
[9] Plaintiff's exhibit B.
[10] Plaintiff's exhibit C.
[11] Plaintiff's exhibit D.
[12] Plaintiff's exhibit E.
[13] Plaintiff's exhibit D.
[14] *Id.*

Next, Plaintiff presents the testimony of Jason English, an expert in the field of safety engineering, who testified that the risk of harm the condition of the dolly created was reasonably foreseeable given that the dolly protruded into the aisle on the sales floor Additionally, Petco had implemented a policy to prevent equipment from being placed in the aisles. English opines that Petco knew or should have known of the condition and the danger of protruding equipment.

Defendant argues that the red bucket and dolly were open and obvious, and therefore, it cannot not be liable. Plaintiff also argues that there is a genuine issue of material fact for trial as to whether the condition was open and obvious, noting that the Court must consider the likelihood and magnitude of the harm. *Farrell*, 359 So.3d at 478. Plaintiff asserts that she was not looking down at the floors but was looking at the fish tanks. See *Ardoin v Dixieland Foods, Inc.*, 534 So.2d 107 (La.App. 3 Cir. 11/9/1988); *Massery v. rouse's Enterprises*, *L.L.C.*, 196 So.3d 757 (La. App. 4 Cir. 6/29/16).

Plaintiff testified that she did see the bucket but did not notice the protruding dolly that carried the bucket. According to Mr. English, while the bucket was 30 to 36 inches off the floor, the dolly was 4 inches off the floor, and thus he suggests that due to its low-lying and unexpected presence, it was not seen by Plaintiff prior to her fall.

The Court finds that Plaintiff has submitted sufficient summary judgment evidence to create a genuine issue of material fact for trial.

## CONCLUSION

For the reasons explained herein, the Court will deny Defendant's Motion for Summary Judgment (Doc. 32).

**THUS DONE AND SIGNED** in Chambers on this 23rd day of September, 2024.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**