UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **LISA BRUNE** | : | **DOCKET NO. 2:22-cv-06082** |
| **VERSUS** | : | **JUDGE JAMES D. CAIN, JR.** |
| **PETCO ANIMAL SUPPLIES INC** | : | **MAGISTRATE JUDGE LEBLANC** |

**MEMORANDUM ORDER**

Before the court is a Motion to Compel Discovery [doc. 17] filed by defendant Petco Animal Supplies, Inc ("Petco"). The motion is opposed by plaintiff Lisa Brune. Doc. 29. Petco has replied [doc. 30], making this motion ripe for resolution. For reasons set forth below, the court finds that the motion should be **GRANTED**.

**I.**
**BACKGROUND**

This dispute arises from a trip and fall incident ("the incident") on July 2, 2022, in one of Petco's stores. Doc. 17, att. 1, p. 1. Plaintiff alleges the incident is the cause of injuries to her knees, neck, back, and shoulders. *Id.* After the incident, plaintiff was hospitalized for thirteen days, but continued to work as a licensed social worker during that time. *Id.* Plaintiff now needs a two-level cervical fusion surgery to correct the injuries allegedly sustained in defendant's store. *Id.*

There is contention around when plaintiff started to feel the effects of her injuries and how pain medication given to her by the hospital affected this timing. Doc. 17, att. 1, pp. 2-3. Plaintiff asserted in a deposition that she did not feel the effects of the incident until she was off the pain

medication. *Id.* at p. 3. However, she also asserted that she was not under the effects of pain medication while providing counseling services. *Id.* at p. 4. Because she performed counseling services during her stay in the hospital, Petco is trying to collect information about when plaintiff started to feel the effects of her injuries allegedly sustained during the incident in Petco's store. *Id.* at pp. 4-5.

On or about April 5, 2024, Petco served plaintiff with its Second Set of Interrogatories and Requests for Production to Plaintiff, which consisted of a single interrogatory and a single request for production of documents. Doc. 17, att. 5. The interrogatory and request for production of documents propounded on plaintiff by Petco pertain to the dates and times in which plaintiff performed counseling services during her thirteen-day stay in the hospital following the incident. *Id.* Plaintiff objected to these requests stating that they seek irrelevant, overly broad information for the sole purpose of harassing plaintiff. Doc. 29, att. 3. On June 21, 2024, the parties conferred pursuant to LR 37.1, but no resolution was reached. Doc. 17, att. 1, p. 2 & att. 3. Petco now asks this court to compel plaintiff to produce her employment records for the dates and times she performed counseling services during her hospitalization. Doc. 17.

Plaintiff opposes the motion, claiming the requested documents are irrelevant because she is not making a claim for loss of wages or loss of earning capacity. Doc. 29, p. 1. Plaintiff also claims the requested documents are unnecessary as Petco has all the material facts of the action from plaintiff's medical records and any further productions would be a "fishing expedition." *Id.* at p. 2. In its reply, Petco asserts that it is entitled to the requested documents to fully understand when the plaintiff was not under the effects of pain medication and when she started to notice her injuries from the incident. Doc. 31, p. 1. Petco adds that this information is crucial in preparing its defense against the causation and timing of plaintiff's injuries. *Id.*

## II.
### LAW AND ANALYSIS

Pursuant to Federal Rule of Civil Procedure 26(b)(1), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Federal Rule of Civil Procedure 37(a)(3)(B) permits a party seeking discovery to move for an order compelling disclosure of any materials requested if another party fails to answer an interrogatory submitted under Rule 33 or to produce documents as requested under Rule 34. An evasive or incomplete answer or response must be treated as a failure to answer or respond. FED. R. CIV. P. 37(a)(4). "For a motion to compel, '[t]he moving party bears the burden of showing that the materials and information sought are relevant to the action or will lead to the discovery of admissible evidence.'" *Mirror Worlds Technologies, LLC v. Apple Inc.*, No. 6:13-cv-419, 2016 WL 4265758, at *1 (E.D. Tex. Mar. 17, 2016) (quoting *SSL Servs., LLC v. Citrix Sys., Inc.*, No. 2-08-cv-158, 2010 WL 547478, at *2 (E.D. Tex. Feb. 10, 2010)) (brackets in original). The party resisting discovery then has the burden of proving that the discovery is irrelevant, overly broad, or unduly burdensome, and thus should not be permitted. *Samsung Electronics American v. Yang Kun "Michael" Chung*, 325 F.R.D. 578, 590 (N.D. Tex. 2017) (citing *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990)).

Here, Petco is entitled to request production of plaintiff's employment records for the specified period in accordance with Federal Rule of Civil Procedure 26(b)(1). Petco has shown the requests are relevant to its defense of the action regarding causation of plaintiff's injuries and could lead to the discovery of admissible evidence. Plaintiff has not met its burden of proving that the requests are irrelevant, overly broad, or unduly burdensome. The requested documents are directly relevant to the causation of plaintiff's injuries and when she started to feel the effects of

the incident. While the provided medical documentation shows when the pain medication was given, it does not show when plaintiff herself was or was not feeling the effects of that medication or her injuries nor does it correlate plaintiff's receipt of pain medications with the times she performed counseling services. Also, the discovery requests are neither overly broad nor unduly burdensome as Petco asks only for information and records pertaining to plaintiff's two-week hospitalization period. Plaintiff claims this production could raise HIPPA issues, but Petco is asking only for records of when plaintiff was working, not for full records of plaintiff's patients. To the extent the records to be produced may contain protected health or identity information pertaining to plaintiff's patients, such information should be redacted with the redactions clearly noted.

### III.
### CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that defendant's Motion to Compel Discovery [doc. 17] is **GRANTED**, and, accordingly, LISA BRUNE shall provide full and complete responses to PETCO ANIMAL SUPPLIES INC.'S Second Set of Interrogatories and Requests for Production to Plaintiff within fourteen (14) days of this order.

**THUS DONE AND SIGNED** in chambers this 23rd day of September, 2024.

_____
**THOMAS P. LEBLANC**
**UNITED STATES MAGISTRATE JUDGE**